**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kristiane M. Shirer, Respondent,

v.

Calhoun County Assessor, Appellant.

Appellate Case No. 2019-002049

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-330
Submitted July 27, 2022 – Filed August 10, 2022

———————

**AFFIRMED**

———————

Charles Douglas Rhodes, III, of Pope Flynn, LLC, of Columbia; and Robert E. Tyson, Jr. and Benjamin Rogers Gooding, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, all for Appellant.

Bates N. Felder, of The Felder Firm, LLP, of St. Matthews; and Andrew Carl English, III and Harry Alwyn Dixon, both of Callison Tighe & Robinson, LLC, of Columbia, all for Respondent.

———————

**PER CURIAM:**  The Calhoun County Assessor (the Assessor) appeals an order from the Administrative Law Court (ALC), which found Kristiane M. Shirer was entitled to have a second dwelling located on the same parcel as her primary residence assessed at the reduced four percent tax assessment ratio.  On appeal, the Assessor argues the ALC erroneously interpreted section 12-43-220(c)(1) of the South Carolina Code (Supp. 2021).  We affirm pursuant to Rule 220(b), SCACR.

In 2014 or 2015, Shirer and her husband renovated a structure on the same property as Shirer's legal residence, expanding it from a 400-square foot structure, which contained only a kitchen and bathroom, to a structure comprising a total of approximately 2,000 square feet that contained two bathrooms, a bedroom, "a big open room," and a storage room.  Sometime thereafter, the Assessor determined the renovated structure was a dwelling that was subject to the six percent tax assessment ratio.  During the hearing before the ALC, Shirer testified the second dwelling was only used by herself, her husband, and her children and grandchildren when they visited.  Additionally, her husband testified the second dwelling had never been rented.

The relevant statute provides,

> The legal residence and not more than five acres contiguous thereto, when owned totally or in part in fee or by life estate and occupied by the owner of the interest, and additional dwellings located on the same property and occupied by immediate family members of the owner of the interest, are taxed on an assessment equal to four percent of the fair market value of the property.

*See* § 12-43-220(c)(1).   It is not disputed that the renovated structure constitutes a dwelling on the same property as the legal residence.  Therefore, in order to be afforded the four percent tax assessment, Shirer was required to establish that the dwelling was "occupied" by her immediate family members.

Although the Assessor argues the second dwelling must be continually occupied by one of Shirer's immediate family members, such that it is that family member's permanent residence, we find that construction of the statute without support.  The statute merely requires the dwelling be "occupied."  If the legislature had intended additional dwellings located on the same property be continuously occupied in order to satisfy the requirements of the four percent tax ratio, it could have required

any additional dwelling be regarded as a residence or legal residence or qualified the term "occupied" as it did in other code sections. *Compare* S.C. Code Ann. § 12-37-220(A)(3) and (4) (2014) (providing certain real property is exempt from ad valorem taxation but the exemption "does not extend beyond the buildings and premises *actually occupied*" (emphasis added)), *and* S.C. Code Ann. § 12-43-220(c)(2)(i) (Supp. 2021) ("To qualify for the special property tax assessment ratio allowed by this item, the owner-occupant must have *actually owned and occupied* the residence as his legal residence and been domiciled at that address for some period during the applicable tax year." (emphasis added)), *and* S.C. Code Ann. § 12-43-220(c)(2)(6) (2014) ("Notwithstanding any other provision of law, a purchaser who purchases a residential property intending that the property shall become the purchaser's primary residence, but subject to vacation rentals as provided for in Article 2, Chapter 50, Title 27 for no longer than ninety days, may apply for the four percent assessment ratio when the purchaser *actually occupies* the property." (emphasis added)), *with* § 12-43-220(c)(1).

Accordingly, we hold the ALC did not err by finding Shirer was entitled to have the second dwelling taxed at the reduced four percent tax assessment ratio. *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 73, 716 S.E.2d 877, 880 (2011) ("Tax appeals to the ALC are subject to the Administrative Procedure Act (APA)."); *id.* at 74, 716 S.E.2d at 881 (stating an appellate court reviews the ALC's decision for errors of law); *id.* ("Questions of statutory interpretation are questions of law, which [an appellate court is] free to decide without any deference to the [ALC]."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id.* ("What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature." (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed. 1992))); *Se.-Kusan, Inc. v. S.C. Tax Comm'n*, 276 S.C. 487, 489, 280 S.E.2d 57, 58 (1981) ("As a general rule, tax exemption statutes are strictly construed against the taxpayer."); *id.* ("This rule of strict construction simply means that constitutional and statutory language will not be strained or liberally construed in the taxpayer's favor."); *id.* ("It does not mean that [an appellate court] will search for an interpretation in [an assessor's] favor where the plain and unambiguous language leaves no room for construction."); *id.* at 489-90, 280 S.E.2d at 58 ("Only when the literal application of a statute produces an absurd result will we consider a different meaning."); S.C. Code Ann. § 12-43-220(c)(2)(iv) (Supp. 2021) ("[T]he burden of proof for eligibility for the four percent assessment ratio is on the owner-occupant . . . .").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.